**UNITED STATES of America ex rel. Norman A. GREEN, Appellant,**

v.

**James F. MARONEY, Warden, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 18015.**

United States Court of Appeals
Third Circuit.

Submitted on Briefs Dec. 5, 1969.

Decided Jan. 15, 1970.

Norman A. Green, pro se.

Carol Mary Los, Asst. Dist. Atty., Pittsburgh, Pa. (Robert W. Duggan, Dist. Atty., of Allegheny County, Robert L. Campbell, Asst. Dist. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before GANEY, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant seeks a reversal of a judgment of the district court dismissing his petition for a writ of habeas corpus without hearing. Appellant is serving a prison term for armed robbery and receiving stolen goods pursuant to a verdict of a Pennsylvania court after a trial to the court.

In state post-conviction proceedings this appellant claimed a violation of his constitutional rights in that he was denied his rights to file post-trial motions and an appeal because appointed counsel refused to represent him after sentencing. The state court granted appellant leave to file a motion for a new trial *nunc pro tunc* and appointed counsel for him. A motion for a new trial was thereafter filed and denied. The decision was affirmed by the Superior Court and the Supreme Court of Pennsylvania denied allocatur. The appellant then filed this habeas corpus action.

The appellant's asserted grievance is that the state court in granting him the right to file a motion for a new trial did not also grant him the right to file a motion in arrest of judgment. The district court ruled that the appellant has not exhausted his state remedies because appellant's own papers state "that the question of his right to a motion in arrest of judgment was not presented to the state court and was not raised on appeal."

Although the district court denied relief on the nonexhaustion ground, it also stated that the appellant did not indicate how the relief the state court granted, *viz.*, right to file motion for new trial, did not encompass all the relief possible under a motion in arrest of judgment. Appellant suggests the following prejudice. The timely filing of motion in arrest would have deferred the original sentencing and the trial judge would not have seen appellant's prior criminal record until he had impartially considered the merits of the motion for a new trial. He goes on to say that because leave to filed a motion in arrest was not included in the post-conviction relief granted, appellant's motion for a new trial was not objectively considered because the same judge who sentenced appellant also denied his new trial motion.

Appellant's argument, as structured, lacks merit. Had the motion in arrest been granted *nunc pro tunc* by the state court the prejudice appellant asserts would still have been present because the original trial and sentencing judge also decided the *nunc pro tunc* motion for a new trial. What appellant is really arguing is that he was denied due process because the judge who denied the motion for a new trial was biased by having previously examined appellant's criminal record at the conclusion of the trial. He is thereby contending that due process requires that a different judge must pass on the motion for a new trial in these circumstances.

We do not now decide whether appellant's constitutional rights were violated because we think it evident that appellant is really attacking state judicial practice and it is singularly appropriate that such matters be first con-

**832**

sidered by the state court. Since appellant has not demonstrated that he has exhausted his state remedies, we hold that the district court correctly denied the petition.

The judgment of the district court will be affirmed.